[Crim. No. 3402.   First Dist., Div. One.   Dec. 16, 1957.]

THE PEOPLE, Respondent, v. JOHN VINCENT FELLI, Appellant.

John Vincent Felli, in pro. per., Silvio E. Borello, under appointment by the District Court of Appeal, and Frank C. Burriesci for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—Convicted of burglary, defendant as grounds for reversal claims (1) all the evidence was improperly admitted because of an illegal arrest and seizure and (2) certain evidence found in his room was illegally obtained, hence, improperly admitted.

The burglary occurred at the Jose Bowl in San Jose sometime between the closing hour on the evening of December 24 and the opening of the place on the morning of December 26, 1956. Certain circumstances indicated it was likely an "inside job" which, coupled with the fact that defendant, an employee engaged as a pin setter, did not report for work on the morning of the 26th, caused him to be suspected as the perpetrator of the crime.

Officer Hilscher, after inspecting the scene of the crime and talking to the proprietor and one of the latter's employees, went to defendant's hotel room, knocked on the door and received no answer. At Hilscher's request the hotel clerk unlocked and opened the door and the two looked in but did not enter. He did not see defendant in the room.

Hilscher then put out a bulletin for defendant's arrest. He was apprehended at 12:37 p. m. on December 26 while driving his car along a street a few blocks from his hotel room. He was taken to police headquarters and the car was towed to a garage. At 1:30 p. m. the car was searched and a tire lug wrench discovered which became an important piece of evidence at the trial.

At 2:30 the same afternoon the officers went to defendant's hotel room, taking therefrom a Mounds candy box, a carton and a half of Chesterfield cigarettes, a key, some scraps of metal, a piece of paper, and a pair of worn Thom McAn shoes.

■ (1) *Defendant's arrest was legal. A felony had been committed and the officers had reasonable cause for believing that the defendant committed it.*

Among the indicia that this was an "inside job" were these: An inside latch had been removed from one of the windows. The window was about three feet above the ground level on

the outside and between six and seven feet above the floor on the inside. No other point of entry was found. A series of lockers five and a half feet high were customarily in place along the wall below the window and two beer cases had been moved to a position alongside of the lockers. The beer cases, apparently, had been moved from their customary position on the other side of the corridor. The only parts molested behind the lunch counter were those where money had been kept or where the burglar went to get tools; he did not ransack all the drawers; he went directly to where the tools were kept and these tools, in turn, were used on the safe. He went to where a piggy bank was hidden behind a utensil tray and removed the money from that. He went to an envelope containing money when he had nine or ten hooks to choose from and took one envelope from this particular hook, the only envelope containing money. Of the several locked doors in the establishment, the burglar went to the door of the office which contained the safe; the other doors were unmolested.

The owner informed the officer that he suspected the defendant; defendant had been seen behind the lunch counter where he had no business; on several occasions he was there, sharpening pencils and looking about; also, that defendant parked his vehicle behind the bowling alley at night and that morning the vehicle was gone; and that defendant was due to report for work that morning but had not shown up.

Officer Hilscher said he based his bulletin for defendant's arrest upon an accumulation of these things.

These circumstances gave the officer reasonable cause for believing that defendant committed the crime and furnished a legal basis for arresting him without a warrant. (Pen. Code, § 836, subd. 3.)

█ Plaintiff argues that the officer's knowledge of the presence of a Mounds candy box in defendant's room (gained by looking through the doorway upon his first visit to the room), one of the things which the officer said contributed to his belief that defendant was the burglar (the owner of the bowling alley had told the officer that such a box was missing) was gained unlawfully and, therefore, infected the arrest with illegality.

We think the officer had plenty of reason to believe defendant the perpetrator when he went to the room for the purpose of interviewing him. Merely observing a candy box when looking through the doorway after the hotel clerk had unlocked and opened the door, regular or irregular, legal or

illegal, was not such an invasion of defendant's privacy as would render unavailable and unusable the information the officer had already with unquestioned legality obtained.

So, too, with respect to the knowledge gained of defendant's absence from his room. It apparently impressed the officer with the idea of need for quick action (defendant might be in flight), prompting the officer to issue the bulletin for defendant's arrest at once.

Defendant would make much of the fact that the owner of the bowling alley told Hilscher that defendant was an ex-convict, arguing that such information would not furnish a reasonable cause to believe that defendant was the burglar. That might well be so if defendant's prior conviction were the sole basis for such a belief, but it was not. There were the numerous other cogently persuasive circumstances which we have narrated. Moreover, in response to a question by defendant's counsel, Officer Hilscher said he did not base his belief of defendant's guilt upon the fact that defendant had a record.

Defendant has not upon this appeal questioned the legality of the search of the car and the seizure of the lug wrench found in the trunk of the car, except upon the ground of asserted illegality of the arrest which preceded the search. We entertain no doubt as to the legality of that search, despite the interval of time between the arrest and the search. Upon arresting defendant, who had been driving in his car, the arresting officers locked the car and took him to police head-quarters for booking. Meanwhile, the police department made arrangements to have the car towed to a place of storage. As soon as defendant was booked one of the officers returned to the scene of the arrest to unlock the car upon the arrival of the tow-truck. The search of the car was made at the storage garage within an hour of the arrest. Such an interval of time would not under the circumstances of this case dis-connect and disassociate the two events. It follows that the search of the car was legal as an incident of the arrest.

(2) *Were objects taken from defendant's room legally seized and, as such, properly admitted into evidence?*

The objects specifically mentioned by defendant upon this appeal are a pair of shoes (Ex. 6), a carton and a half of Chesterfield cigarettes (Ex. 8) and the Mounds candy box (Ex. 9). The defendant contends that these objects were erroneously admitted in evidence because they were obtained in a search of his hotel room made some two hours after the

arrest and several blocks distant from the scene of the arrest. The state concedes that this contention may be sound, citing *Hernandez* v. *Superior Court*, 143 Cal.App.2d 20 [299 P.2d 678], and claims that none of this evidence could have been prejudicial to defendant.

██ We are not prepared to say that the facts of the Hernandez case are comparable to those of this case. However, assuming that Exhibits 6, 8 and 9 were illegally seized and should not have been admitted in evidence, we do not find the error prejudicial. We base this conclusion upon the convincing character of other evidence in the case, particularly including the lug wrench found in defendant's car. Lowell Bradford, the head of the laboratory of criminalistics, testified that he took a piece of wood from the premises of the Jose Bowl, sawing it out of a piece of the wall which housed the safe. The paint on the lug wrench matched the paint on the block of wood. There was also paint on the lug wrench which matched samples taken from the cigarette machine (which had been opened by the burglar). Bradford made impressions of marks made by the lug wrench. These impressions matched the impressions in the wood section taken from the bowling alley. The lug wrench was also chipped in one corner. A metal chip was found in the wood from the bowling alley. Bradford concluded that the metal imbedded in the wood was originally part of the tip of the lug wrench and had broken off.

In the words of the Supreme Court in *People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243], it is not "reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error."

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied January 15, 1958, and appellant's petition for a hearing by the Supreme Court was denied February 11, 1958.